UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

_____

UNITED STATES OF AMERICA,

   Plaintiff,

vs.

TAMARIOUS FAULKNER,

   Defendant.
_____/

Case No. 2:22-CR-20074
Hon. Stephen J. Murphy

ANDREW PICEK
Assistant United States Attorney
211 W. Fort Street
Suite 2001
Detroit, MI 48226-3211
(313) 226-9759
andrew.picek@usdoj.gov

DAVID R. CRIPPS
Attorney for Defendant
1300 Broadway, Suite 500
Detroit, MI 48226
(313) 963-0210
david.cripps@sbcglobal.net

_____

## DEFENDANT'S SENTENCING MEMORANDUM

### I.   INTRODUCTION

Defendant, TAMARIOUS FAULKNER, by and through his counsel, DAVID R. CRIPPS, submits this memorandum regarding his sentencing. Mr. Faulkner is to be sentenced by this Court pursuant to his guilty plea to Count 1: Conspiracy to Distribute Fentanyl under 21 U.S.C. § 846, 21 U.S.C. § 841(a)(1), and 21 U.S.C. § 841(b)(1)(A)(vi). Mr. Faulkner entered his guilty plea pursuant to a Rule 11 Agreement. The probation department calculated Mr. Faulkner's sentencing

1

guidelines to be between 210 to 262 months. Defense asserts that Mr. Faulkner's guideline range should be 151 to 188 months. Defense is requesting that this Court sentence Mr. Faulkner to a downward variance within that range.

## II.   ARGUMENT

**A. 18 USC § 3553(a)(1): THE NATURE AND CIRCUMSTANCES OF THE OFFENSE AND THE HISTORY AND CHARACTERISTICS OF THE DEFENDANT.**

Section 3553(a)(1) requires the Court to consider the history and characteristics of Mr. Faulkner as a relevant factor when making sentencing determinations. The policy rationale underlying this subsection is that the Guidelines do not evaluate the defendant's personal characteristics when determining a range. *Rita v. United States*, 551 U.S. 338, 357; 127 S. Ct. 2456, 2461 (2007).

### Nature and Circumstances of the Offense

Mr. Faulkner has pleaded guilty to Conspiracy to Distribute Fentanyl under 21 U.S.C. § 846, 21 U.S.C. § 841(a)(1), and 21 U.S.C. § 841(b)(1)(A)(vi). The offense conduct underlying the guilty plea involved Mr. Faulkner being a founding member and leader of Thoroughbred Family (TBF). In this role, Mr. Faulkner obtained large quantities of narcotics and provided them to other members of TBF to distribute.

### Personal History and Characteristics of Tamarious Faulkner

Tamarious Faulkner is striving to be a better version of himself. While he has made mistakes in the instant case and in the past, he wants to do better for himself, his community, and most importantly, his sons.

Childhood and Teenage Years

Mr. Faulkner is 28 years old. He was born on August 9, 1996, in Jackson, Michigan, to Cherell Faulkner. Mr. Faulkner did not know his dad, and he was raised solely by his mother.

Mr. Faulkner's family struggled when he was growing up. His mom was only in her early 20s when she had him, and she had several other children to care for as well. Cherell had her own hardships. She was an alcoholic. She also had financial issues, and she relied on state services for the family's basic needs. She says Mr. Faulkner watched her "struggle his whole life."

Mr. Faulkner also felt the absence of his father. His other siblings—who had different fathers—would visit with their paternal families during the holidays and special occasions, and Mr. Faulkner would be left behind. His brother Dominque Faulkner says he would "patiently wait for us to return home so he could be with his brothers and sisters again," and he "took notice at an early age how Tamarious was always left alone and always had to go through hard times alone when our mother was struggling."

Dominique became something of a father figure for Mr. Faulkner. However, Dominique acknowledges that he didn't understand the effect his own behavior could have on his little brother, and he often led him down the wrong path. This wrong path included run-ins with the law and drugs. Mr. Faulkner's first criminal conviction was when he was 11 years old for assault or assault and battery. He received a probationary sentence. In the years that followed, he received several other convictions, mostly for issues related to marijuana. He also started experimenting with substances. He first used marijuana when he was 12 or 13, alcohol when he was 14, cocaine and ecstasy when he was 16, and Percocet and Promethazine mixed with codeine at 18.

Mr. Faulkner's difficulties were evident at school, too. Learning wasn't a priority in his household, and he didn't have the support he needed when he struggled to comprehend material in class. He remembers being called "retarded" at home. Mr. Faulkner attended several high schools, including Ypsilanti High School, Jackson High School, T.A. Wilson Academy, and Addison High School. When he was at Addison, he was found to be eligible for an Individualized Education Program (IEP) because he had a learning disability that affected his reading and writing skills. His IEP noted that these deficits would make it difficult for him to achieve his post-secondary goals. Cherell did not take interest in Mr.

4

Faulkner's problems at school though, and she did not attend the meetings associated with the IEP program.

Ultimately, Mr. Faulkner did graduate from Addison High School. He only had a 1.4 grade point average, and he was number 54 in his class out of 56 students. However, it was an accomplishment that he was proud of.

Grief

In 2017, when Mr. Faulkner was 20 years old, he lost his cousin in a tragic incident. His cousin's death profoundly affected him. He felt like he had lost everyone, and he was stressed and depressed. He turned to the streets and drinking and doing drugs to ease the pain. Looking back at the time now, Mr. Faulkner recognizes that what he really needed was mental help or counseling.

Family Life

Today, Mr. Faulkner has two children. He shares his 8-year-old son with his former significant other Ambrea Russell. He also has a 5-year-old son with his current partner, Kimyahtta Long. Both of his kids live with their mothers in their respective cities—Ms. Russell is in Jackson, Michigan, and Ms. Oliver is in Houston, Texas.

Mr. Faulkner is very close with his children. Despite not having an example of a father, he has stepped up and became a "loving, patient…and great role model," according to Ms. Long. Also, because he grew up without a father, Mr.

Faulkner knows how important it is to be there for his sons. "I do not want my children to end up just like me without a father in [sic] a male role model in life…These 3 years I have been incarcrated [sic] I still been trying to be the best father figure I can be but its [sic] hard when they see me in jail," he says.

<u>Employment & Finances</u>

Mr. Faulkner's job history is sporadic. His first job was 10 years ago at a McDonald's. He also had jobs on a factory production line, at a roof factory, and at MACI, an automotive air condition compressor company. However, without any post-secondary education, he found it difficult to obtain gainful employment.

His financial struggle came to a head when his first son was born in 2016. At that point, Mr. Faulkner says he was "living where I could and living off people." In part, it was this financial instability that led him to turn to criminal activity to make ends meet.

<u>Mental Health</u>

Many of Mr. Faulkner's current struggles can be explained by his tumultuous past. When evaluating his Adverse Childhood Experiences (ACE) score, the probation department determined that he scored an eight out of ten.

Research shows that a history of ACEs is a key risk factor for poor mental health.[1] This is because ACEs can impact a child's "neurobiological, social and emotional development." Therefore, there is a strong relationship between ACEs and mental illness, self-harm, and suicide attempts.[2] Additionally, individuals who experience ACEs can have problems with violence and drug use.[3]

These findings are relevant to Mr. Faulkner. While he has never been formally diagnosed with a mental health condition, his life circumstances have undoubtedly affected his mental wellness and ability to make sound decisions.

Taking Accountability

Mr. Faulkner knows now that he has made the wrong choices, and he takes full accountability for his actions. During the time he's been incarcerated awaiting sentencing in this case, he has had time to learn about the fentanyl crisis in this country and think about how his actions contributed to the problem. "I never took the time to think about how much fentanyl could harm someone until I got in jail and watch the news in [sic] see how it effects different communitys [sic] and

---

[1] Kat Ford, Mark A. Bellis, Karen Hughes, et al., *Adverse childhood experiences: a retrospective study to understand their associations with lifetime mental health diagnosis, self-harm or suicide attempt, and current low mental wellbeing in a male Welsh prison population*, 8 HEALTH JUSTICE 13 (2020), https://doi.org/10.1186/s40352-020-00115-5 [https://perma.cc/B5CU-E94D].
[2] *Id*.
[3] *Id*.

family's [sic] and it hurts me to no [sic] I caused this kind of destruction to people."

Moving Forward

Mr. Faulkner's children are his primary concern, and he understands it is necessary that he comply with the terms of this Court's sentence so he can be the type of father they deserve.

Upon his release from prison, Mr. Faulkner intends to live with Ms. Oliver in Houston. He also has interest in getting his Commercial Driver's License to become a trucker or pursuing a career in real estate. Whatever he does end up doing, he says he is "willing to work whatever to avoid further criminal activity and get on the right path." This includes being involved in BOP programming that will help him address his past trauma and learn to make better decisions.[4]

Recently, while incarcerated, he has been attending Alcoholics Anonymous and taking classes to further his education. He has also completed two sessions of the MDOC Recovery Coach Group, the Motherly Intercessions' Social Connections program, and the InsideOut Dad Program. Mr. Faulkner has "shown a genuine desire to strengthen his relationship with his children and be a positive

---

[4] See Ford, *supra* note 1 (noting that "prisoners with multiple ACEs may be particularly vulnerable to poor mental health whilst incarcerated, and that prisons may provide a critical opportunity for providing support to this vulnerable population.").

force in their lives," says Devonte Johnson, a Fatherhood and Community Outreach Coordinator for Motherly Intercession.

Mr. Faulkner is also seeing the benefits of his hard work. In the three years he's been incarcerated, he's had the chance to get sober and have a "clear train of thought." He's also learned a lot from the classes he's enrolled in. "I feel like this is the help I needed all along," he says. "I know this is going to help me be a better person to my family for my kids in the community [sic]."

With his efforts to acknowledge what is truly important in life, learn to change his behavior, and make plans for the future, Mr. Faulkner assures this Court that he will be a valuable member of society moving forward.

## B. 18 USC § 3553(a)(2): THE NEED FOR THE SENTENCE IMPOSED.

Mr. Faulkner acknowledges the seriousness of his offense. He has pleaded guilty to Count 1: Conspiracy to Distribute Fentanyl under 21 U.S.C. § 846, 21 U.S.C. § 841(a)(1), and 21 U.S.C. § 841(b)(1)(A)(vi). Mr. Faulkner entered this plea pursuant to a Rule 11 Agreement. He takes full responsibility for his actions that led to this case and has shown so by pleading guilty.

## C. 18 USC § 3553(a)(3): THE KINDS OF SENTENCES AVAILABLE.

The anticipated range, as determined by the Presentence Investigation Report, is 210 to 262 months of incarceration. Defense asserts that the guidelines range should be 151 to 188 months. Defense is further requesting that this Court, in

considering the 18 USC § 3553(a) factors, grant a downward variance within that range.

Mr. Faulkner's offense level should be scored at 33. He is assessed 32 points for the base offense level for the offense involving at least 1,2000 but less than 4,000 grams of fentanyl. He is then assessed a four-level adjustment for his role as a leader in the offense. It is not correct to assess Mr. Faulkner an additional two levels for possessing a firearm. As seen in the Rule 11, there is no agreement between the parties that Mr. Faulkner possessed a firearm in relation to this offense. Additionally, because Mr. Faulkner accepted responsibility by pleading, three points should be deducted from his offense level. This brings him to an offense level total of 33.

Mr. Faulkner's criminal history category should be a category II. His past offenses include an operating while impaired from March 2016. He received a probationary sentence, and this offense is assessed one criminal history point. Mr. Faulkner also has a felony resisting and obstructing from January 2017. He received a 270-day sentence, and this is assessed two criminal history points. These two offenses give Mr. Faulkner three criminal history points, which places him in category II.

With a total offense level of 33 and a criminal history category II, Mr. Faulkner's guidelines are 151 to 188 months. In considering the goals of

sentencing and Mr. Faulkner as an individual, this Court should then sentence him to a downward variance of that range.

## IV. CONCLUSION

Mr. Faulkner understands the wrongfulness of his actions. Accordingly, he appreciates the need for a sentence that reflects the seriousness of his offense, promotes respect for the law, and provides just punishment for his conduct. 18 U.S.C. § 3553(a)(2). He asks that this Court consider the factors presented above as sufficient to support the sentence requested.

WHEREFORE, the Defendant, TAMARIOUS FAULKNER, requests this Honorable Court sentence him below probation's recommendation.

Respectfully submitted,

Dated: April 29, 2025

*/s/ David R. Cripps*
DAVID R. CRIPPS
Attorney for Defendant
1300 Broadway, Suite 500
Detroit, MI 48226
(313) 963-0210

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

_____

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

TAMARIOUS FAULKNER,

    Defendant.
_____/

Case No. 2:22-CR-20074
Hon. Stephen J. Murphy

| ANDREW PICEK | DAVID R. CRIPPS |
|---|---|
| Assistant United States Attorney | Attorney for Defendant |
| 211 W. Fort Street | 1300 Broadway, Suite 500 |
| Suite 2001 | Detroit, MI 48226 |
| Detroit, MI 48226-3211 | (313) 963-0210 |
| (313) 226-9759 | david.cripps@sbcglobal.net |
| andrew.picek@usdoj.gov | |

_____

CERTIFICATE OF SERVICE

    Attorney, David R. Cripps, affirms, deposes, and states that on April 24, 2025, he did cause to be served electronically with the Clerk of the United States District Court, Eastern District, using ECF system which will send notification of Defendant's Sentencing Memorandum filing to the following:

1. Honorable Stephen J. Murphy
2. Andrew Picek, Assistant U.S. Attorney

                                        Respectfully submitted,

|  |  |
|---|---|
| Dated: April 29, 2025 | */s/ David R. Cripps*<br>DAVID R. CRIPPS<br>Attorney for Defendant<br>1300 Broadway, Suite 500<br>Detroit, MI 48226<br>(313) 963-0210 |